UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **SPARTAN DIRECTIONAL, L.L.C.** | **:** | **CIVIL ACTION NO. 6:22-cv-2212** |
| **VERSUS** | **:** | **JUDGE ROBERT R. SUMMERHAYS** |
| **MT. HAWLEY INSURANCE COMPANY** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Transfer Venue filed by defendant Mt. Hawley Insurance Company. Doc. 7. The motion is opposed by plaintiff Spartan Directional, L.L.C. Doc. 15. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, the Motion to Transfer should be **GRANTED** and this matter transferred to the Southern District of New York.

**I.**
**BACKGROUND**

This suit arises from an insurance claim made by plaintiff, a Louisiana limited liability company, for damages incurred when equipment leased by plaintiff and insured by defendant was lost while drilling underground. Doc. 1, att. 2, ¶ 20. At all relevant times, plaintiff had a commercial general liability insurance policy with defendant. *See* doc. 7, att. 2. Plaintiff alleges that defendant failed and/or refused to indemnify plaintiff for the loss of the equipment; accordingly, plaintiff filed suit for breach of insurance contract and bad faith failure to pay a claim under the Louisiana Insurance Code in the 15th Judicial District Court, Parish of Lafayette. Doc.

1, att. 2. Defendant timely removed the action to this court based on diversity jurisdiction. Doc. 1. Plaintiff does not dispute the existence of diversity jurisdiction in this matter. *See* doc. 15.

Defendant now moves to transfer the suit to the Southern District of New York, citing the insurance policy's "Service of Suit and Conditions Endorsement" provision. Doc. 7, pp. 5–6. That provision reads, in pertinent part:

**Conditions**

1. This Policy is amended to add the following Conditions:

**AA. Jurisdiction and Venue**. In the event of any litigation involving any matter arising out of or related to this Policy, it is agreed that the "Insured" shall submit to the jurisdiction of New York state and New York federal courts, and shall comply with the requirements necessary to give such courts jurisdiction. **Any litigation initiated by any "Insured" against the Company shall be brought only in the state or federal courts of New York**. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District court in that state.

**BB. Choice of Law**. All matters arising from or relating to this Policy, including without limitation, its procurement, formation, and issuance and all matters related to the validity, interpretation, performance and enforcement of this Policy or any part of its shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

Doc. 7, att. 2, p. 17 (emphasis added). Defendant maintains that this language gives rise to a mandatory forum selection clause and that transfer of the suit to the United States District Court for the Southern District of New York is therefore required. Doc. 7, att. 1.

Plaintiff opposes the motion, claiming the forum selection clause contravenes a strong public policy of Louisiana. Doc. 15.

## II.
### LAW AND ANALYSIS

A forum selection clause is enforced through a motion for transfer of venue under 28 U.S.C. § 1404(a). *Weber v. PACT XPP Technologies AG*, 811 F.3d 758, 766 (5th Cir. 2016) (citing *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Tex.*, 134 S.Ct. 568 (2013)). When there is a valid forum selection clause, § 1404(a) requires that the clause "be 'given controlling weight in all but the most exceptional cases.'" *Atlantic Marine*, 134 S.Ct. at 579. Plaintiff may prevail by showing that the clause is unenforceable because it violates a "strong" or "fundamental" public policy of the forum state. *Barnett v. DynCorp Int'l. L.L.C.*, 831 F.3d 296, 303 (5th Cir. 2016). If the clause is enforceable, plaintiff bears the burden of showing that it should not be enforced because transfer to the bargained-for forum is unwarranted based on public interest considerations. *See Atlantic Marine*, 134 S.Ct. at 581.

### A. *Enforceability of the forum selection clause*

To determine whether a forum selection clause violates a fundamental public policy of the forum state, and is thus unenforceable, the Fifth Circuit applies the forum state's rules of statutory interpretation to analyze the state statutes that speak to the clause's enforceability. *See Al Copeland Investments, L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 543 (5th Cir. 2018) (sitting in diversity and applying Louisiana law to resolve issues of statutory interpretation as the Louisiana Supreme Court would).

The statutes at issue here are Louisiana Revised Statutes §§ 22:442, 446(A), and 868(A) & (D). "When [a] provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used." *Arabie v. CITGO Petroleum Corp.*, 89 So. 3d 307, 312 (La. 2012) (brackets in original) (citation omitted); *see also*

*McLaurin v. Noble Drilling (US) Inc.*, 529 F.3d 285, 288 (5th Cir. 2008) ("[W]hen a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished.").

Plaintiff argues that the forum selection clause at issue in unenforceable because to find otherwise would violate Louisiana Revised Statutes 22:442[1] and offend Louisiana's public policy against forum selection clauses. Doc. 15, p. 10. According to plaintiff, § 442 requires every surplus lines policy issued in Louisiana to include a provision selecting Louisiana as the venue for lawsuits arising in Louisiana. *Id.* at pp. 9–10. While plaintiff acknowledges defendant's status as a surplus lines insurer [*id.* at p. 6], it claims that such a status, even when read in conjunction with Louisiana Revised Statutes 22:868(D),[2] does not undermine its public policy argument. *Id.* at pp. 10–12.

Though we acknowledge that Louisiana has a strong public policy against forum selection clauses in insurance contracts (*see* § 868(A)), we cannot agree with plaintiff's arguments. Subsection D of § 868 specifically states that the restrictions of Subsection A do not apply to policy forms that are not subject to the Louisiana Department of Insurance's approval. La. R.S.

---

[1] La. R.S. 22:442, in pertinent part, reads as follows:
    A. An unauthorized insurer shall be sued, upon any cause of action arising in this state under any contract issued by it as a surplus lines contract, pursuant to this Subpart, in the district court of the parish in which the cause of action arose.
    . . .
    C. An unauthorized insurer issuing such policy shall be deemed thereby to have authorized service of process against it in the manner and to the effect as provided in this Section. Any such policy shall contain a provision stating the substance of this Section . . . .

[2] La. R.S. 22:868, in pertinent part, reads as follows:
    A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state . . . shall contain any condition, stipulation, or agreement either:
        (1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.
        (2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer.
    . . .
    D. The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance.

22:868(D). Surplus lines insurers are not required to seek the Department of Insurance's approval of their forms (La. R.S. 22:446(A)), and as the parties have acknowledged, defendant Mt. Hawley is a surplus lines insurer. Thus, the public policy against forum selection clauses in insurance contracts does not apply to surplus lines insurance policies, including the one at issue in this motion. *See UMMIID, LLC v. Mt. Hawley Ins. Co.*, No. 2:22-CV-05687, 2023 WL 122984, at *1 (W.D. La. Jan. 6, 2023) (finding that Louisiana's public policy against forum selection clauses does not extend to surplus lines policies); *Brooks & Brooks Invs. LLC v. Mt. Hawley Ins. Co.*, No. 22-CV-03854, 2022 WL 17476969, at *2 (E.D. La. Dec. 6, 2022) (finding a similar Mt. Hawley forum selection clause enforceable); *William B. Coleman Co. v. Mt. Hawley Ins. Co.*, No. 22-1686, 2022 WL 2806438, at *3 (E.D. La. July 18, 2022) (same).

Furthermore, in *In re Mt. Hawley Insurance Company*, the same defendant as in the present case sought a writ of mandamus to enforce almost the exact same forum selection clause after the district court found that such a clause violated Louisiana public policy. No. 22-30111, 2022 WL 5360188, at *1 (5th Cir. Apr. 28, 2022). A writ of mandamus is an extraordinary remedy only issued when the right to relief is "clear and indisputable." *In re United States ex rel. Drummond*, 886 F.3d 448, 449 (5th Cir. 2018) (citing *In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008)). Respondent in that case made the same argument about § 442 and § 868(D) as plaintiff does here,[3] but the Fifth Circuit granted the petition for a writ of mandamus and ordered the district court to transfer the case to the Southern District of New York. *In re Mt. Hawley Ins. Co.*, 2022 WL 5360188, at *1. Though the Fifth Circuit did not provide written reasons for granting the writ and ordering the case transferred, we find it persuasive that the Fifth Circuit, when faced with

---

[3] *Compare* doc. 15, pp. 8–13, *with* Opposition to Petition for Writ of Mandamus at pp. 11–20, *In re Mt. Hawley Ins. Co.*, No. 22-30111 (5th Cir. Apr. 21, 2022).

arguments nearly identical to the ones presented to us, decided to enforce the forum selection clause. For the foregoing reasons, we find the forum selection clause enforceable.

### B. *Modified analysis under 28 U.S.C. § 1404(a)*

Once a mandatory forum selection clause is deemed enforceable, the next step is to determine whether it should, in fact, be enforced. This involves a modified analysis of "public interest" factors under the *forum non conveniens* standard (codified at 28 U.S.C. § 1404(a) for forum selection clauses that point to a federal forum) as set forth by the Supreme Court in *Atlantic Marine*, 134 S.Ct. at 582. The following public-interest factors can weigh against transfer:

> (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Al Copeland Investments*, 884 F.3d at 545. The party acting in violation of the forum selection clause bears "the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Atlantic Marine*, 134 S.Ct. at 583. In light of the parties' agreement as to the proper forum, the opponent's choice of forum and the private interest factors merit no weight. *Id.* at 581–82; *Al Copeland Investments*, 884 F.3d at 545. The public interest factors alone will rarely defeat a transfer motion, and the practical result is that forum selection clauses control in all but the most unusual cases. *Atlantic Marine*, 134 S.Ct. at 582.

As in the previous section, respondent in *In re Mt. Hawley Insurance Company* briefed arguments nearly identical to those plaintiff presents to us in this case.[4] With those arguments before it, the Fifth Circuit ordered the district court to grant the motion to transfer venue. *In re Mt.*

---

[4] *Compare* doc. 15, pp. 13–16, *with* Opposition to Petition for Writ of Mandamus at pp. 20–26, *In re Mt. Hawley Ins. Co.*, No. 22-30111 (5th Cir. Apr. 21, 2022).

*Hawley Ins. Co.*, 2022 WL 5360188, at *1. Considering that information, we turn to the public interest factors.

Plaintiff first argues that this case has little connection to New York, with the incident, the insured, and potential witnesses all in Louisiana. Doc. 15, pp. 13–14. The insurance policy at issue allegedly covers damage that might occur on a drilling job in White Castle, Louisiana. Doc. 7, att. 1, p. 5. Thus, when signing the contract, the parties were aware that any incident, its witnesses, and the insured would likely all be in Louisiana, but the parties still agreed to choose New York as the venue for any litigation arising out of or relating to said policy. Doc. 7, att. 2, p. 17. "When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Atlantic Marine*, 134 S.Ct. at 583.

Plaintiff also argues that "Louisiana substantive law will likely apply" and that this court is better equipped to handle the unique character of Louisiana law than a New York court. Plaintiff further claims that denying the motion to transfer will avoid conflicts of law problems. Doc. 15, pp. 14–15. However, in *Atlantic Marine*, the United States Supreme Court stated that "the contractually selected venue (New York) should not apply the law of the transferor venue (Louisiana) to which the parties waved their right." *Atlantic Marine*, 134 S.Ct. at 583 (parentheticals added). Thus, the transferee court will apply New York choice-of-law rules to determine which state's substantive law applies. Therefore, the conflict of law and familiarity with the applicable law arguments do not carry much, if any, weight. *See id.* at 584.

Furthermore, federal judges routinely apply the law of a state other than that in which they sit, and the judges in the Southern District of New York will be handling similar potential choice-of-law issues in at least four other Mt. Hawley cases. *See UMMIID, LLC v. Mt. Hawley Ins. Co.*, No. 2:22-CV-05687, 2023 WL 122984, at *2 (W.D. La. Jan. 6, 2023) (transferring suit from

Louisiana federal court to the Southern District of New York); *Ram Krishana Inc. v. Mt. Hawley Ins. Co.*, No. 2:21-CV-03031, 2022 WL 5435477 (W.D. La. Apr. 29, 2022) (same); *Brooks & Brooks Invs. LLC v. Mt. Hawley Ins. Co.*, No. 22-CV-03854, 2022 WL 17476969 (E.D. La. Dec. 6, 2022) (same); *William B. Coleman Co. v. Mt. Hawley Ins. Co.*, No. 22-1686, 2022 WL 2806438 (E.D. La. July 18, 2022) (same). Accordingly, we cannot find this to be an "unusual case," so these factors weigh in favor of transfer.

Additionally, plaintiff asserts that it would be unfair to burden the people of New York with jury duty in "a matter that does not concern them." Doc. 15, p. 14. We do not find plaintiff's brief assertion that citizens in the Western District of Louisiana "have a strong interest in the fair and efficient resolution of this claim and are intimately familiar with the circumstances giving rise to this litigation" to be enough to show that this case is an unusual one where an enforceable forum selection clause should not be enforced. Furthermore, even if this factor weighs in favor of transfer, it is not enough on its own to merit denial of the motion to transfer.

Following the Fifth Circuit's *In re Mt. Hawley* ruling, Mt. Hawley's motions to transfer in other cases when dealing with nearly identical forum selection clauses have been granted, indicating that similar cases (like the present matter) are not the "unusual cases" where the public interest factors alone can defeat a transfer motion. *See UMMIID, LLC v. Mt. Hawley Ins. Co.*, 2023 WL 122984, at *2 (ordering the suit transferred due to forum selection clause); *Brooks & Brooks Invs. LLC v. Mt. Hawley Ins. Co.*, 2022 WL 17476969 (same); *William B. Coleman Co. v. Mt. Hawley Ins. Co.*, 2022 WL 2806438 (same and stating that this is not one of the "unusual cases" where public interest factors defeat a motion to transfer). This case deals with the same defendant and a nearly identical forum selection clause as in the above cited cases; thus, this matter is also not an unusual case. Therefore, the motion to transfer venue should be granted.

## III.
### CONCLUSION

For the reasons discussed above, **IT IS RECOMMENDED** that the Motion to Transfer Venue [doc. 7] be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the above captioned matter be, and the same is hereby, transferred to the United States District Court for the Southern District of New York.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 18th day of January, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE